IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


PATRICK WADE COBB                                          PLAINTIFF


v.                          Civil No. 2:25-cv-02061-TLB

POLICE OFFICER ELIZABETH HARDEN SMITH
(Van Buren Police Department);
CHIEF OF POLICE JANATHAN WEAR
(Van Buren Police Department);
McCURTAIN COUNTY CIR KATHY/gray
COFFEY;
EMILY MAXWELL
(McCurtain County District Judge);
HEAD FOOTBALL COACH SCOTT PRATT
(Plainview, Oklahoma);
MARLIN COFFMAN
(Former Principal Idabel Public Schools, Current
Principal Plainview, Oklahoma);
PROSECUTING ATTORNEY KEVIN HOLMES
(Crawford County);
DEPUTY PROSECUTOR LENA PINKERTON
(Crawford County);
JUDGE CANDICE SETTLES[1]
(District Judge, Crawford County);
JUDGE MARC McCUNE
(District Judge);
CHARLES BAKER
(Former District Judge, Crawford County, Van
Buren);
TIM GRIFFIN
(Attorney General of Arkansas);
JAMIE HAMMOND
(Former Chief of Police);
OFFICER BRENDEN BLOUNT
(Van Buren Police Department);
OFFICER DONALD EVERSOLE
(Van Buren Police Department);
OFFICER JUSTIN WASKO

---

[1] The correct spelling is Settle.  Information available at the Arkansas Judiciary website. (Last accessed Aug. 22, 2025.)

(Van Buren Police Department);
OFFICER JAY BAKER
(Van Buren Police Department);
OFFICER LARRY BROWN
(Van Buren Police Department);
OFFICER CHRIS HO
(Van Buren Police Department)                                    DEFENDANTS


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915(e)(2). Under this provision, the Court is required to screen any complaint in which a Plaintiff seeks to proceed *in forma pauperis*.

### I.      BACKGROUND

Plaintiff filed his Complaint and a Motion for Emergency Temporary Restraining Order on June 10, 2025.  (ECF Nos. 1, 3).  He indicates on the Complaint form that the basis for federal jurisdiction is both a federal question and diversity jurisdiction.  (*Id*. at 2).  Plaintiff identifies the following as the source of his federal question jurisdiction: "42 U.S.C. § 1983, U.S. Constitution

2

(1st, 4th, 5th, 6th, 14th); UCCJEA,[2] PKPA,[3] ICWA,[4] UCEA,[5] Majors Crimes Act.[6]"    (*Id.* at 3). Plaintiff seeks damages in excess of $75,000 due to:

> emotion distress, constitutional rights violations, prolonged separation from 3 minor children, reputational harm and expenses incurred due to cross state misuse of police powers, these damages are ongoing and cumulative with civil rights violations committed under color of law.

(*Id.* at 3-4).

Plaintiff alleges the events giving rise to his claim occurred in both Van Buren, Arkansas, and McCurtain County, Oklahoma.  (ECF No. 1 at 4).  He alleges "the events began on or around Oct 13th 2023, and continue through a bench trial on Wednesday June 11, 2025, and unknown date on a Double Jeopardy Claim currently pending in Arkansas Appeals Court."  (*Id.*).

For the facts underlying his claim, Plaintiff alleges he is a Defendant in multiple Arkansas state criminal cases, which he identifies as:

- VAC-23-2406: *State v. Patrick Wade Cobb*

- 17CR-24-46: *State v. Patrick Wade Cobb*

- CR-24-728 *Patrick Cobb v. State of Arkansas*, an appeal which remains pending on a double jeopardy challenge.  (*Id.* at 7).

Plaintiff also identifies two child custody cases in Oklahoma:

---

[2] Uniform Child Custody Jurisdiction and Enforcement Act
[3] Parental Kidnapping Prevention Act
[4] Indian Child Welfare Act, 25 U.S.C.A. § 1901-1963; 25 CFR §§ 23.1-23.144.  The ICWA does not apply to "[a]n award of custody of the Indian child to one of the parents including, but not limited to, an award in a divorce proceeding." 25 CFR §§ 23.103(b)(3); Guidelines for Implementing the Indian Child Welfare Act, U.S. Department of the Interior, Office of the Assistant Secretary - Indian Affairs, Bureau of Indian Affairs, at 13 (Dec. 2016), available at https://www.bia.gov/bia/ois/dhs/icwa (last accessed Aug. 25, 2025).
[5] Uniform Criminal Extradition Act
[6] 18 U.S.C. § 1153

- FP 2016 – 00028

- FP 2012 – 00020  (*Id*.).

Plaintiff states he is a Choctaw Native American, and his residence falls within Indian Country.  (*Id*. at 7).  Plaintiff alleges that his ex-partner, Defendant Harden Smith, is an officer with the Van Buren police department.  He alleges she used her official status to:

> initiate **criminal charges** across state lines. These charges were **based solely on civil court orders,** with **no independent investigation** or legal justification.
>
> All reports, investigations, and the faulty warrant were created and executed internally by the **Van Buren Police Department,** where Elizabeth is employed. The warrant used to remove me from **Oklahoma and Indian Country** was both **legally deficient and procedurally improper,** likely facilitated or authorized by **Kathy Gray Coffey** and **Emily Maxwell,** both of whom played roles in diverting an **ex parte custody hearing** in Oklahoma to an **improper judge.**

(*Id*.) (boldface in original).  Plaintiff further alleges that Defendants Coffman and Pratt were involved with him in a workplace dispute and their continued involvement in legal matters connected to him are a form of retaliation.  (*Id*. at 7).  Plaintiff alleges that during his Oklahoma custody proceedings, his personal records from Idabel Public Schools were improperly disclosed. (*Id*.).  He argues these were not relevant to the legal matter, not obtained through subpoena or discovery, and appeared to be used with retaliatory intent to "discredit or embarrass me as a parent and litigant."  (*Id*.).

Plaintiff characterizes these occurrences as "state-enabled retaliation."  (*Id*.).  Plaintiff states that these actions have resulted in a 487-day delay in the Oklahoma custody proceedings, denial of access to his children, unlawful removal from his home within Indian Country, criminal prosecution based on civil proceedings, violation of privacy including under FERPA, and ongoing emotional and psychological harm.  (*Id*. at 7-8).

4

Plaintiff emphasizes that: "This case is not about custody - it is about the **weaponization of state power, unlawful disclosure of private information, and coordinated retaliation** against a Native father for seeking protection for his children, reporting wrongdoing, and attempting to hold officials accountable." (*Id*. at 8) (boldface in original).

Plaintiff also filed a Motion for Emergency Temporary Restraining Order. (ECF No. 3). Plaintiff states that the Defendants named in his Complaint have "misused state power to retaliate, interfere with custody proceedings in Oklahoma, and violate Plaintiff's constitutional rights." (*Id*. at 1). He further characterizes the Defendants' actions as "unlawful arrest, procedural sabotage of family court proceedings, deprivation of access to his child, and misuse of judicial and prosecutorial power in direct conflict of interest."

As relief, asks this Court to prevent all Defendants from "taking any further legal, custodial, or law enforcement actions against the Plaintiff, pending review by this Court." (*Id*. at 3). He also asks that Defendants be enjoined from "initiating, enforcing, or continuing any custody-based charges, cross-state warrants, or official communications intended to interfere with Plaintiff's Oklahoma court rights." (*Id*.). Finally, he asks for a preliminary injunction hearing, as well as any other relief the Court deems proper and just. (*Id*.).

The Court has reviewed the Arkansas cases identified by Plaintiff.[7] In *State v. Patrick Wayne Cobb*, VAC-23-2406, Plaintiff was initially represented by David Powell, a private defense attorney. He was briefly *pro se*, then represented by another private attorney, Ryan Norris, for some time; however, he represented himself *pro se* at his bench trial. He was found guilty of harassing communications, misdemeanor criminal trespass, and four counts of contempt of court. The harassing communications appear to have involved Defendant Harden Smith. The case is

---

[7] Case information publicly available at Search AR Courts (last accessed Aug. 22, 2025).

closed, and no notice of appeal has been docketed. A Motion to Revoke Plaintiff's suspended sentence was filed July 30, 2025, due to Plaintiff engaging in prohibited communication.

In *State v. Patrick Cobb*, 17CR-24-46, Plaintiff was charged with Interference with Court Ordered Custody. The affidavit for the arrest warrant in the case indicates that Defendant Hardin Smith is the custodial parent of two minor children, and Plaintiff is the father of those children. According to the warrant, Plaintiff had visitation with the children and refused to return them to their mother's custody, instead stating they would be staying with him, and he would homeschool them. Plaintiff was represented by private attorney David Powell, then by another private attorney, Derick Allison. An interlocutory appeal was taken, and the trial level case is currently stayed pending the appeal. The appeal is *Patrick Cobb v. State*, CR-24-728. Plaintiff is represented by private attorney Lisa-Marie Norris on appeal, and the appeal is currently active.

## II.    LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

6

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). The complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.    ANALYSIS

### A.    Judges Maxwell, Settle, McCune, Baker

Plaintiff has named several state court judges as Defendants in this case. Judge Emilly Maxwell is a District 17 Judge for Choctaw County, McCurtain County, and Pushmataha County in Oklahoma.[8] Judge Candice Settle is an Arkansas Circuit Court Judge in the Twenty-First Judicial Circuit, Division 3, Van Buren, Arkansas. Judge Marc McCune is an Arkansas Circuit Court Judge in the Twenty-First Judicial Circuit, Division 1, Van Buren, Arkansas.[9] Plaintiff has identified Judge Baker as a retired Crawford County District Judge.

As judges, these Defendants are immune from suit. "Few doctrines were more solidly established at common law than the immunity of judges for liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). The Supreme Court "has pronounced and followed this doctrine of the common law for more than a century." *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985) (citation omitted). Judicial immunity

---

[8] Information available at https://mccurtain.okcounties.org/offices/district-judge. (Last accessed Aug. 22, 2025.)

[9] Information available on the Arkansas Judiciary website. (Last accessed Aug. 22, 2025.)

is only overcome in two narrow situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Moreover, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citations omitted); *see also Bolin v. Story*, 225 F.3d 1134, 1240-42 (11th Cir. 2000) (judicial immunity applies to *Bivens* actions); *Schwartz v. Weinstein*, 459 F.2d 882, 883 (8th Cir. 1972) (judicial immunity applies to actions under 42 U.S.C. § 1985); *Nolan v. Campbell*, 369 F. Supp. 1032, (E.D. Mo. 1974) (judicial immunity applies to actions brought under 42 U.S.C. §§ 1983 & 1981).

Plaintiff makes no specific factual allegations against these Defendants, other than to state that Defendant Maxwell was likely involved with a warrant and was involved in the scheduling of a custody hearing. Review of Plaintiff's state court cases in Arkansas indicate that Judge Settle is listed as the presiding judge in 17CR-24-46. Judge McCune held the plea and arraignment hearing in 17CR-24-46. Retired Judge Baker presided in VAC-23-2406 prior to the appointment of Retired Judge Stewart. Thus, Plaintiff named these Defendants due to actions taken in their judicial capacity. As such, they are absolutely immune from suit.

## B.    Court Clerk Gray Coffey

Plaintiff named Kathy Gray Coffey as a Defendant. He indicates that she is the McCurtain County, Oklahoma Court Clerk. Review of the McCurtain County website confirms that Kathy Gray is listed as the Court Clerk.[10] Plaintiff alleges only that she was likely involved with a warrant and the scheduling of a custody hearing. "Court clerks have absolute quasi-judicial

---

[10] https://mccurtain.okcounties.org/offices/court-clerk. (Last accessed Aug. 25, 2025.)

immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process unless the clerks acted in the clear absence of all jurisdiction." *Boyer v. County of Washington*, 971 F.2d 100, 101 (8th Cir. 1992) (internal quotations marks and citation omitted). *See Smith v. Erickson,* 884 F.2d 1108, 1111 (8th Cir. 1989) (explaining that federal court clerk, who allegedly impeded inmate's access to the courts by intentionally delaying the filing of his original complaint and by lying to him about its whereabouts, was entitled to judicial immunity because "the filing of complaints and other documents is an integral part of the judicial process"); *see also Davis v. McAteer*, 431 F.2d 81, 82 (8th Cir. 1970) (holding state court clerk who allegedly lost court file entitled to absolute immunity). Thus, Plaintiff's allegations against Defendant Gray Coffey involved tasks integral to the judicial process. She is immune from suit.

## C.    Prosecuting Attorneys Holmes and Pinkerton

Plaintiff names these prosecutors as Defendants, but he makes no factual allegations against them. They are, however, listed as prosecutors in one or more of his Arkansas state cases. The Court will infer that he listed them as Defendants due to their involvement in his state criminal cases. Plaintiff's claims against them must be dismissed because prosecutors are immune from suit. The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id*. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id*. at 430; s*ee also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity).

#### D.        Defendants Pratt and Coffman

As to these Defendants, Plaintiff alleges only that he was involved with a workplace dispute with them, and they have since been involved in unidentified legal matters connected to Plaintiff in retaliation.  Plaintiff does not detail the involvement.  He identifies them as a Head Football Coach and a school Principal, but he does not indicate how those positions were relevant to this case.  As private parties, these Defendants are not subject to suit under § 1983.  "[A] private party's mere invocation of state legal procedures does not constitute state action." *Youngblood v. Hy-Vee Food Stores, Inc.*, 226 F.3d 851, 855 (8th Cir. 2001) (store employee, who was not employed by the police department, was not a state actor when employee reported suspected shoplifting and detained the shoplifter until police arrived) (citations omitted); *see also Grow v. Fisher*, 523 F.2d 875, 879 (7th Cir. 1975) ("The mere fact that the individual defendants were complainants and witnesses in an action which itself was prosecuted under color of law does not make their complaining or testifying other than what it was, i.e., the action of private persons not acting under color of law.").  Plaintiff's claims against Defendants Pratt and Coffman should be dismissed.

#### E.        Arkansas Attorney General Griffin and Van Buren Officers Wear, Hammond, Blount, Eversole, Wasko, Baker, Brown, Ho

Plaintiff has named these individuals as Defendants, but again, he has failed to make any factual allegations against them.  "Liability under Section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370 (1976)).  Thus, to state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights.  Plaintiff has not alleged a causal link between any of these Defendants and his claims. *See Martin*, 780 F.2d 1337 (even a pro se Plaintiff must allege specific facts sufficient to state a claim).  Merely

listing a defendant in a case caption is insufficient to support a claim against the defendant. *Krych v. Hass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam) (noting that court properly dismissed pro se complaint that was silent as to defendant except for his name appearing in caption)). Plaintiff has failed to set forth any specific factual allegations against these Defendants, and his claims against them should be dismissed.

### F.    Defendant Harden Smith

Plaintiff's allegation that Defendant Harden Smith used her position as a Van Buren police officer to bring criminal charges against him across state lines and without legal justification states a plausible claim, at least at this early stage of the case. Due to Plaintiff's pending criminal case and interlocutory appeal, however, this claim must be stayed pursuant to the *Younger* Abstention Doctrine. Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir. 1996)). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to that proceeding should be raised there. *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010); *see also Gillette v. N. Dakota Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010). "If all three questions are answered affirmatively, a federal court should abstain unless it detects 'bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate.'" *Night Clubs, Inc. v. City of Ft. Smith, Ark.*, 163 F.3d 475, 479 (8th Cir. 1998) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)).

When only equitable relief is sought, *Younger* "contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal to the state courts." *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973) (a § 1983 case involving only injunctive relief, and not damages). In cases where damages are sought, the Eighth Circuit has noted that the Supreme Court instructs that traditional abstention principles generally require a stay as the appropriate mode of abstention rather than a dismissal. *Night Clubs, Inc.*, 163 F. 3d at 481. In *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996), the Court said:

> In those cases in which we have applied traditional abstention principles to damages actions, we have only permitted a federal court to withhold action until the state proceedings have concluded, that is, we have permitted federal courts applying abstention principles in damages actions to enter a stay, but we have not permitted them to dismiss the action altogether.

*Id*. at 730.

Plaintiff's criminal case *State v. Patrick* Cobb, 17CR-24-46 is stayed at the trial court level pending the interlocutory appeal in *Patrick Cobb v. State*, CR-24-728. Plaintiff is represented by counsel in both cases. Plaintiff's constitutional claims relating to his state criminal proceeding should properly be raised in state court. Plaintiff seeks both monetary and equitable relief. It is, therefore, appropriate to stay Plaintiff's claims concerning Defendant Harden Smith pending resolution of these state cases.

### G.    Motion for Emergency Temporary Restraining Order

Except for Defendant Harden Smith, all named Defendants in this case should be terminated as parties for the reasons discussed above. Further, Plaintiff's claims against Defendant Harden Smith should be stayed pursuant to the *Younger* Abstention Doctrine. Accordingly, Plaintiff's Motion for Emergency Temporary Restraining Order (ECF No. 3) should be DENIED as PREMATURE.

## IV.    CONCLUSION

For the reasons discussed above, it is RECOMMENDED that:

1. Plaintiff's claims against all Defendants except Defendant Elizabeth Harden Smith be DISMISSED WITHOUT PREJUDICE and those Defendants be TERMINATED as parties in this case.

2. Plaintiff's claims against Defendant Elizabeth Harden Smith be STAYED pursuant to the *Younger* Abstention Doctrine.

3. Plaintiff's Motion for Emergency Temporary Restraining Order (ECF No. 3) be DENIED as PREMATURE.

4. The Clerk be DIRECTED to STAY and ADMINISTRATIVELY TERMINATE this case.

5. Plaintiff be DIRECTED to immediately inform the Court when *State v. Patrick Cobb*, 17CR-24-46, and *Patrick Cobb v. State*, CR-24-728 are closed and any appeals are completed.

***Referral Status*: This case should remain referred for all matters not recommended for dismissal in this Report and Recommendation.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of August 2025.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE