IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**PATRICK WADE COBB**                                                                 **PLAINTIFF**

V.                           CASE NO. 2:25-CV-2061

**POLICE OFFICER ELIZABETH HARDEN SMITH**
**(Van Buren Police Department);**
**CHIEF OF POLICE JONATHAN WEAR**
**(Van Buren Police Department);**
**McCURTAIN COUNTY CLERK KATHY GRAY COFFEY;**
**EMILY MAXWELL (McCurtain County District Judge);**
**HEAD FOOTBALL COACH SCOTT PRATT (Plainview, Oklahoma);**
**MARLIN COFFMAN (Former Principal Idabel**
**Public Schools, Current Principal Plainview, Oklahoma);**
**PROSECUTING ATTORNEY KEVIN HOLMES (Crawford County);**
**DEPUTY PROSECUTOR LENA PINKERTON**
**(Crawford County); JUDGE CANDICE SETTLE**
**(District Judge, Crawford County);**
**JUDGE MARC McCUNE (District Judge);**
**CHARLES BAKER (Former District Judge,**
**Crawford County, Van Buren);**
**TIM GRIFFIN (Attorney General of Arkansas);**
**JAMIE HAMMOND (Former Chief of Police);**
**OFFICER BRENDEN BLOUNT (Van Buren Police Department);**
**OFFICER DONALD EVERSOLE (Van Buren Police Department);**
**OFFICER JUSTIN WASKO (Van Buren Police Department);**
**OFFICER JAY BAKER (Van Buren Police Department);**
**OFFICER LARRY BROWN (Van Buren Police Department);**
**OFFICER CHRIS HO (Van Buren Police Department)**                **DEFENDANTS**

## ORDER

Before the Court is the Report and Recommendation ("R&R") (Doc. 5) filed in this case on August 27, 2025, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. On preservice screening of the Complaint, *see* 28 U.S.C. § 1915A, Magistrate Judge Ford recommends that all causes of action except those asserted against Separate Defendant Elizabeth Harden Smith be dismissed without

1

prejudice for failure to state a claim. As for the claims asserted against Ms. Smith, the R&R recommends that the Court abstain from ruling pursuant to the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). In the Magistrate Judge's opinion, the claims against Ms. Smith should be stayed until the conclusion of several ongoing state civil and criminal cases involving her and Plaintiff Patrick Wade Cobb. On September 15, 2025, Mr. Cobb filed Objections (Doc. 7) to the R&R, which triggered this Court's *de novo* review of the record.

Mr. Cobb, who lives in Oklahoma, is involved in a contentious custody dispute with the mother of his children, Ms. Smith, who lives in Arkansas. The R&R identified three ongoing Arkansas criminal cases in which Mr. Cobb is listed as a defendant and two Oklahoma child custody cases involving Mr. Cobb. From the Objections, it does not appear that Mr. Cobb disputes that these five state cases are still proceeding and concern the same or similar subject matter, parties, and claims as are present in the instant case.

First, the Court agrees with the Magistrate Judge that *Younger* abstention applies to Mr. Cobb's federal claims against Ms. Smith. The pending state court cases are intertwined with the claims Mr. Cobb asserts here. Furthermore, Mr. Cobb has failed to demonstrate that the Oklahoma or Arkansas state-court fora are so fundamentally biased that federal intervention is warranted, and he has not suggested that the claims he asserts here cannot be raised in pending state proceedings. For these reasons, Mr. Cobb's objections regarding *Younger* abstention are **OVERRULED**.

Second, Mr. Cobb suggests that the Magistrate Judge's R&R shows bias, likely because most of the defendants are citizens of Arkansas, and Mr. Cobb is a citizen of

Oklahoma. The objection is without merit. A court's adverse ruling against an out-of-state party does not, in and of itself, show bias. Accordingly, this objection is **OVERRULED**, and Mr. Cobb's Motion to Change Venue (Doc. 8), relying on the same argument, is also **DENIED**.

Third, Mr. Cobb objects to the R&R's recommendation that all claims against Defendant judges be dismissed due to judicial immunity. Mr. Cobb has failed to plausibly allege that any of these judges—who are presiding over his state criminal and civil cases—have acted "in the complete absence of all jurisdiction." *Justice Network, Inc. v. Craighead Cnty.*, 931 F.3d 753, 762 (8th Cir. 2019). He accuses the judges of making adverse rulings against him, issuing warrants for his arrest, scheduling hearings, and presiding over his state court cases. These are judicial tasks subject to immunity. Accordingly, this objection is **OVERRULED**.

Fourth, Mr. Cobb objects to the recommended dismissal of claims against Kathy Gray Coffey, the Court Clerk of McCurtain County, Oklahoma. Mr. Cobb accuses Ms. Coffee of scheduling court hearings and facilitating the issuance of warrants—all to his legal detriment. As the Magistrate Judge noted, though, all these tasks are essential clerk functions that are integral to the judicial process. Mr. Cobb does not plausibly allege that Ms. Coffee performed any act in the clear absence of all jurisdiction. Therefore, his objection to her dismissal is **OVERRULED**.

Fifth, the Court **OVERRULES** Mr. Cobb's objection to the recommended dismissal of Defendants Pratt and Coffman, who are described in the Complaint as "county employees" Mr. Cobb worked with. Mr. Cobb accuses them of providing sensitive

3

employment documents to Ms. Smith, who later used the documents to her advantage in the custody case against Mr. Cobb. The Court agrees with the Magistrate Judge that the mere fact that Mr. Pratt and Mr. Coffman are county employees does not mean they are liable to Mr. Cobb under 42 U.S.C. § 1983. Private parties not acting under color of law are not subject to suit under § 1983.

Sixth and finally, Mr. Cobb objects to the dismissal of Defendants Wear and Hammond, who are described in the Complaint as police officers. The R&R accurately states that the Complaint is devoid of facts about either of these Defendants. In his Objections, Mr. Cobb supplies a few more details. He asserts that Wear and Hammond "declined to investigate officer misconduct" and are guilty of "systemic bias." (Doc. 7, p. 7). But these additional allegations, even if true, are not enough to state plausible claims against either Defendant. This objection is therefore **OVERRULED**.

**IT IS ORDERED** that the R&R is **ADOPTED IN ITS ENTIRETY**. Upon preservice screening, Mr. Cobb's claims against all Defendants except Defendant Elizabeth Harden Smith are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. The claims against Ms. Smith are **STAYED** pursuant to the *Younger* Abstention Doctrine. In view of the stay, Mr. Cobb's Motion for Emergency Temporary Restraining Order (Doc. 3) is **DENIED** as **PREMATURE**.

**IT IS FURTHER ORDERED** that the Clerk of Court **STAY** and **ADMINISTRATIVELY TERMINATE** this case. Plaintiff Cobb is **DIRECTED** to immediately inform the Court when *State v. Patrick Cobb*, 17CR-24-46, and *Patrick Cobb v. State*, CR-24-728 are closed and any appeals are completed.

**IT IS SO ORDERED** on this 22nd day of September, 2025.

                                                                                             _____
                                                                                             TIMOTHY L. BROOKS
                                                                                            UNITED STATES DISTRICT JUDGE